IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Esteban Parra-Reyes,<br><br>　　　　Petitioner,<br><br>v.<br><br>United States of America,<br><br>　　　　Respondent. | No. CV-15-0738-PHX-PGR (DKD)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HON. PAUL G. ROSENBLATT, SENIOR U.S. DISTRICT JUDGE:

　　Esteban Parra-Reyes filed a motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. He argues that his sentence should be reduced by at least seven months because he has made so many "right choices . . . since his incarceration." (Doc. 1 at 10) Respondent argues that Parra-Reyes' motion is untimely and should be dismissed. Although Parra-Reyes is to be commended for his positive choices, the Court agrees that this motion is untimely and recommends that it be denied.

## BACKGROUND

　　After his November 2011 arrest, Parra-Reyes entered a plea of guilty to one count of reentry of a removed alien and acknowledged that this violated his supervised release in a previous case. (2:11-CR-2516-PHX-PGR at Docs. 1, 18, 19) On March 12, 2012, Parra-Reyes was sentenced to a term of 63 months incarceration to be followed by three

years of supervised release.[1] (*Id*. at Doc. 23)

Subsequently, Parra-Reyes filed multiple appeals to the United States Court of Appeals for the Ninth Circuit. (*Id*. at Docs. 28, 29) After his counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), Parra-Reyes was provided the opportunity to file a *pro se* supplemental brief but he did not. (*Id*. at Doc. 45, Ex. 1) The Ninth Circuit affirmed his conviction and sentence in a memorandum decision on April 23, 2013. (*Id*. at Doc. 45) In July 2013, Parra-Reyes moved for an extension of time to file a supplemental brief and, on August 12, 2013, the Court denied his request. (*Id*. at Docs. 46, 48) Parra-Reyes did not file any more motions in his case.

On April 20, 2015, Parra-Reyes filed his motion to vacate, set aside or correct his sentence. (*Id*. at Doc. 49) Respondent argues that his motion is untimely. (Doc. 5)

## ANALYSIS

For the Court to review his motion, Parra-Reyes needed to file his motion one year after "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1).[2] "A conviction is final in the context of habeas review when 'a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied.'" *U.S. v. Schwartz*, 274 F.3d 1220, 1223 (9th Cir. 2001) (quoting *Griffith v. Kentucky*, 479 U.S. 314, 321, n. 6 (1987)).

As applied here, the Ninth Circuit affirmed his conviction and sentence on April 23, 2013, and so Parra-Reyes had until July 22, 2013, to petition the U.S. Supreme Court for certiorari. Sup. Ct. R. 13.1, 13.3; *U.S. v. Garcia*, 210 F.3d 1058 (9th Cir. 2000). When he did not, his time to file his Section 2255 motion began the next day and ended on July 23, 2014. Parra-Reyes did not file his motion before July 23, 2014; instead, he

---

[1] The parties disagree about the length of the sentence imposed: Parra-Reyes states his sentence is 70 months and Respondent states it is 56 months. (*Compare* Doc. 1 at 2 *with* Doc. 5 at 2:12) The judgment issued in the case states that his sentence is 63 months and so this Court will use that length. (2:11-CR-2516 at Doc. 23)

[2] Parra-Reyes' Motion does not allege any facts that would bring him under the ambit of Section 2255(f)(2)-(4).

- 2 -

filed it almost nine months later.

Parra-Reyes' Section 2255 motion does not provide any explanation for this delay or argue that equitable tolling should apply. *U.S. v. Battles*, 362 F.3d 1195, 1197 (9th Cir. 2004) (applying equitable tolling to Section 2255 motions). Accordingly, his motion is untimely and cannot be reviewed on the merits.

**IT IS THEREFORE RECOMMENDED** that Esteban Parra-Reyes' Motion to Vacate, Set Aside or Correct Sentence be denied. (Doc. 1)

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **denied** because Petitioner has not made a substantial showing of the denial of a constitutional right.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See*, 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have seven days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Rule 72, Federal Rules of Civil Procedure.

Dated this 17th day of August, 2015.

_____
David K. Duncan
United States Magistrate Judge